UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| ELLIOTT CARR, | : | Case No. 1:16-CV-202 |
| Plaintiff, | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc No. 14] |
| PARKING SOLUTIONS, INC., | : |  |
| Defendant. | : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Elliot Carr sues Defendant Parking Solutions for violations of the Fair Credit Reporting Act.[1] In particular, Carr alleges that Parking Solutions improperly obtained credit reports on its job applicants without first getting their written authorization. Plaintiff Carr purports to represent a putative class of all current or former hourly employees "for whom a consumer report was obtained by Parking Solutions during the period two years preceding the commencement of this action."[2]

Defendant moved to stay the case in light of the Supreme Court's then-pending decision in *Spokeo, Inc. v. Robins*.[3] At the time, *Spokeo* looked poised to address whether a plaintiff had Article III standing based on a defendant's alleged violations of the Fair Credit Reporting Act. However, since filing the motion, the Supreme Court issued its opinion. The Supreme Court did not offer a conclusive ruling, and instead remanded *Spokeo* to the Ninth Circuit for further

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 14.

Case No.1:16-CV-202
Gwin, J.

consideration of Article III's injury-in-fact requirements.[4]  As *Spokeo* is no longer pending, Defendant's motion to stay is **DENIED AS MOOT**.

Alternatively, Defendant moved to strike Plaintiff's class allegation.[5]  Defendant claims that Plaintiff is not a member of the class he seeks to represent because the Defendant did not obtain a credit report on the Plaintiff within two years of the commencement of the litigation.  In support of this assertion, Defendant attaches a declaration from one of its human resources employees, who avers that the company did not run a credit check on Plaintiff during the two-year window.[6]  Defendant concludes that Plaintiff cannot properly represent the class because he is not a member of it, and the class allegations in the complaint should be struck.

Plaintiff responds that the self-serving affidavit should not be the basis for striking a portion of the pleading at this stage.  Plaintiff points out that the complaint need only meet regular pleading standards, and that Defendant is relying on "extraneous factual assertions" before Plaintiff has received discovery on the same issue.[7]  The Court agrees.  Striking Plaintiff's class action allegation in the complaint at this stage is premature.

This Court **DENIES** Defendant's motion to strike Plaintiff's class allegations.

IT IS SO ORDERED.

Dated:  May 31, 2016                                      *s/         James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[4] *Spokeo, Inc. v.* Robins, __ U.S. __, 135 S. Ct. 1540 (2016). The Ninth Circuit had earlier analyzed whether the injury was particularized, but not whether the injury was concrete. The Supreme Court held that courts needed to look at both elements.

[5] Defendant moves under both Rule 12(f), which allows a court to strike improper portions of a pleading, and Rule 23, which allows a court to determine whether class action claims are viable "[a]t any early practicable time." Doc. 14; Doc. 16 at 2-6.

[6] Doc. 14-5.

[7] Doc. 15 at 2-3.

-2-